IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER C. PALMER | : | CIVIL ACTION |
| v. | : | |
| MATHEW WEINTRAUB | : | NO. 13-4939 |
| NICHOLE LAKEAUWITZ | : | |

MEMORANDUM

STENGEL, J.                                SEPTEMBER 11, 2013

Walter C. Palmer brings this <u>pro se</u> civil rights action, pursuant to 42 U.S.C. § 1983, based on allegations that he was denied various constitutional rights in connection with criminal proceedings in the Bucks County Court of Common Pleas that led to his conviction. <u>See</u> CP-09-CR-0003709-1996. He seeks to proceed <u>in forma pauperis</u>. For the following reasons, the Court will grant plaintiff leave to proceed <u>in forma pauperis</u> and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.   FACTS

Plaintiff initiated the instant lawsuit against Mathew Weintraub, the prosecutor who handled his criminal case, and Nichole Lakeauwitz, who testified against him in state court. He alleges that Weintraub violated several of his constitutional rights by recharging him with various criminal offenses after those charges were initially dismissed, by introducing false testimony from certain witnesses, including Lakeauwitz, and by introducing evidence in violation of his Fifth Amendment rights. He also appears to be alleging that Weintraub violated his rights by making certain objections in the course of the criminal

1

proceedings. Plaintiff does not clearly specify the relief he seeks through this lawsuit.

## II. STANDARD OF REVIEW

As plaintiff has satisfied the criteria set forth in 28 U.S.C. § 1915, he is granted leave to proceed in forma pauperis. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).

## III. DISCUSSION

Plaintiff's claims lack legal merit because, whether he is seeking release from imprisonment, declaratory relief, or monetary relief for violation of his constitutional rights as a result of his conviction and imprisonment, his claims are not cognizable in a § 1983 action.[1] See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment,

---

[1] The public record reflects that the sentence plaintiff is currently serving and his related convictions have not yet been invalidated. See Palmer v. Rozum, E.D. Pa. 12-3303; Palmer v. Rozum, E.D. Pa. Civ. A. No. 11-2353; Palmer v. McCullough, E.D. Pa. 03-1654; Palmer v. McCullough, E.D. Pa. Civ. A. No. 01-836; see also 200 EDA 2012; 2519 EDA 2011; CP-09-CR-0003709-1996.

his sole federal remedy is a writ of habeas corpus."); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis omitted). Additionally, plaintiff's claims against Weintraub are legally frivolous because Weintraub is entitled to absolute prosecutorial immunity from § 1983 claims based on acts he took in the course of charging plaintiff and presenting the Commonwealth's case in court.² See Imbler v. Pactman, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983."); Yarris v. Cnty. of Delaware, 465 F.3d 129, 139 (3d Cir. 2006) ("[A] prosecutor is absolutely immune from liability for using false testimony in connection with [a] prosecution.") (quotations omitted and alteration in original). Likewise, even if Lakeauwitz could be considered a state actor for purposes of § 1983, she is entitled to absolute immunity from claims based on her testimony in court. See Rehberg v. Paulk, 132 S. Ct. 1497,

---

²Furthermore, plaintiff's apparent request for criminal charges against Weintraub are not cognizable as a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

1505 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony.").

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed. Plaintiff will not be given leave to amend because amendment would be futile.³ See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

---

³For the above reasons, plaintiff cannot articulate a viable claim against the named defendants. Nor can the Court discern a legitimate basis for a timely, cognizable § 1983 claim against the other individuals referenced in the complaint.

4